### NOBLE v. KNOBEL HOOP COMPANY.

Opinion delivered February 10, 1908.

ATTACHMENT—PARTNERSHIP PROPERTY.—Partnership property is not subject to attachment by a creditor of one of the partners until there

has been executed a bond to his copartner, by one or more sureties of the plaintiff, to the effect that he will pay to such copartner the damages he may sustain by the wrongful suing out of the order, as provided by Kirby's Digest, § 359.

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed in part.

### STATEMENT BY THE COURT.

On the 14th day of October, 1905, the appellee commenced this action by filing before a justice of the peace an affidavit and bond for attachment against Wm. K. Noble. An affidavit for a warning order against the defendant was duly filed, an attachment was issued and duly served by taking one carload of hoops. On the 19th day of October, 1905, the Convoy Hoop Company filed its bond and interplea claiming the property attached. The interplea was dismissed with costs. The court rendered judgment against Wm. K. Noble for $300, and sustained the attachment. An appeal was prayed and granted to the circuit court.

Wm. K. Noble, against whom the warning order was issued as a non-resident defendant, entered his appearance in the circuit court, and filed his answer to the complaint.

On the trial of the interplea, the following evidence was introduced: It is admitted by all the parties concerned that the carload of hoops attached was shipped and billed out from Pocahontas, Arkansas, to the Convoy Hoop Company, of Ft. Wayne, Indiana.

H. M. Bishop testified on behalf of the plaintiff. He was handed a letter from the Convoy Hoop Company to himself, and asked to identify them and read them. The letter was then read as follows:

"H. M. Bishop,
        "Pocahontas, Arkansas.
"Dear Sir:
"Replying to your favor of the 6th inst. regarding the car of hoops attached at Pocahontas, Arkansas, by the Knobel Hoop Company, will say that we wired you this P. M. to wire the amount necessary to release this car from attachment. Please find out the cause of the claim, and do not fail to wire us this

information immediately, as the car is there in demurrage. Write us full particulars regarding this matter.

"Yours truly,

"Convoy Hoop Co.,<br>"Per C. Waldo."

"I received this letter after I was appointed attorney for W. K. Noble, who was a non-resident, and after I had written to him in regard to the matter. After I wrote this letter I received a telegram in reply. The telegram wanted to know how much money it would take to release this car."

J. B. Pugsley testified that he was the plaintiff in this cause. That he was the man who composed the concern known as the Knobel Hoop Company. He was handed a letter which he identified, and said it was received through the mail in the due course of business; that he could not say as to the signature, but that he had received several letters from W. K. Noble signed that way. From the contents of the letter, he would say it was from him. The letter was as follows:

FT. WAYNE, IND., Sept. 6th, 1905.

"Knobel Hoop Company,

"Knobel, Arkansas.

"Gentlemen: Since writing you this A. M., we have received a notice from an attorney of this city, advising that you place your account against the Wayne Hoop Company with an attorney for collection, and as the Wayne Hoop Company, Convoy Hoop Company and W. K. Noble are practically the same company, and if you will look over the statement we enclose, you will find there is nothing due you from the Wayne Hoop Company at all, and I think it will pay you to withdraw your account and balance up your books accordingly. If you do not understand the enclosed statement, let us know soon, and oblige.

"Respectfully yours,

"W. K. N."

"I have received letters from the Convoy Hoop Company from W. K. Noble and from the Ft. Wayne Hoop Company, but have not got them with me. I never saw W. K. Noble in my life, and I do not know that he signed these letters."

This being all the evidence introduced on the part of the

plaintiff, the intervener, the Convoy Hoop Company, introduced the following evidence:

W. K. Noble testified: That he was connected with the Convoy Hoop Company, and was the managing partner; that the Convoy Hoop Company is a partnership, being composed of W. K. Noble and J. N. Haas; that it had been doing business ever since 1898; that the carload of hoops attached in this action was purchased by the Convoy Hoop Company, of Ft. Wayne, Indiana. "I had nothing to do with this purchase at all; in fact, I did not know that the car was ever shipped. The only interest I have in the matter is as far as my interest goes as a partner in the Convoy Hoop Company."

This being all the evidence introduced, the court instructed the jury:

"You are instructed, that if you find from the evidence that the property attached is the property of the Convoy Hoop Company you will find in favor of the intervener.

"You are further instructed, that if you find the property attached is the property of the defendant, W. K. Noble, you will find in favor of the plaintiff herein."

Substantially the same testimony was introduced on the trial of the issues between the Knobel Hoop Company, with the addition that plaintiff adduced testimony tending to show that the defendant was indebted to it in the amount sued for, and defendant adduced testimony tending to show that he had paid plaintiff.

The jury returned a verdict in favor of the plaintiff for $317.50 and sustained the attachment.

Both W. K. Noble and the Convoy Hoop Company have appealed.

*Witt & Schoonover* and *H. L. Ponder,* for appellants.

1. As to the rights of the intervener: The testimony is that the Convoy Hoop Company is a partnership, and it is appellee's own contention that it is Noble who is indebted to it, and not the Convoy Hoop Company. Such being the case, no attachment would lie, except in the manner prescribed by statute; and in the event of attachment the burden was on appellees to show that Noble had an interest in the assets of the firm, and

what the debts of the firm to third persons were. 38 Tex. 225; 82 Am. Dec. 619; 53 N. W. 1127. Partnership property cannot be taken by process of attachment for the satisfaction of the individual debt of a partner, to a greater amount than the interest of such partner after the payment of partnership debts. 9 Conn. 407; Waples on Attachment, 155; 3 McCord, 33; 42 Ark. 422; Bates on Partnership, § 1097; Kirby's Digest, § § 344, 3244; 53 Ark. 1; 56 Ark. 550.

2. As to the rights of Noble: The hoops were received in bad condition, forty per cent. thereof being unusable. The loss must fall on appellee, under the implied warranty that all goods manufactured shall be reasonably fit for the purpose for which they were intended. 48 Ark. 330. Where there is no inspection, nor opportunity offered for inspection, there is a warranty implied by the law. 79 Ark. 66; 77 Ark. 546.

Appellee, *pro se.*

HART J., (after stating the facts). There are two issues presented by the appeal in this case:

(1) As to the rights of appellant, Convoy Hoop Company as intervener.

(2) As to the rights of appellant, W. K. Noble.

The testimony of appellant, the Convoy Hoop Company, shows that it was a partnership, composed of W. K. Noble and J. N. Haas. Appellee attempts to contradict this by the letter of W. K. Noble, in which he says that the Wayne Hoop Company, the Convoy Hoop Company and Wm. K. Noble are practically the same company. This is not sufficient. In order to sustain the attachment and to defeat the claim of the intervener, the companies must be shown to be identically the same companies. The uncontroverted testimony shows that the Convoy Hoop Company was a partnership, composed of W. K. Noble and J. N. Haas. It is true that the testimony does not show the amount of interest of Haas in the partnership, but this is not necessary. It is sufficient to show that he had some interest in the partnership. The partnership property was first subject to the equities of the partnership. *Summers v. Heard,* 66 Ark. 550. It could only be levied upon in the manner provided by the statute. Kirby's Digest, § § 344 and 359.

Noble testified that the Convoy Hoop Company was a partnership, consisting of Haas and himself.  His letter that the Convoy Hoop Company and W. K. Noble were practically the same company does not contradict this.  For the reason that the undisputed testimony showed that the carload of hoops belonged to the Convoy Hoop Company, the court erred in not directing a verdict for the intervener.

Appellant Noble entered his appearance to the suit, and the question of whether or not he was indebted to appellee was submitted to the jury under proper instructions, and the court is of the opinion that there was testimony to support the verdict of the jury.

The judgment against the Convoy Hoop Company is reversed and remanded.

The judgment against W. K. Noble is affirmed.